A. N. NAMURA vs. SIMON MACHULSKY ET AL.

Third Judicial District, New Haven, June Term, 1921.

WHEELER, C. J., BEACH, GAGER, CURTIS and BURPEE, Js.

A defense to an action on a contract for furnishing work and materials used in a building, that the plaintiff contracted not with the defendants but with a corporation of which the defendants were agents and stockholders and which had the general contract with the owner for the construction of the building, should be specially pleaded, in order that the plaintiff may have an opportunity to make the corporation a party defendant, thus avoiding possible circuity of action.

The evidence in the present action examined and *held* to sustain the conclusion of the trial court that the plaintiff dealt with the defendants as partners and not with the corporation of which they were agents.

The filing of certificates of incorporation and of organization of a corporation in the town clerk's office of the town where the corporation is located, is merely for the convenience of those who may desire to consult the official records, and is not constructive notice to the community of the contents of the certificates or of the existence of the corporation.

Submitted on briefs June 7th—decided July 22d, 1921.

ACTION to recover for work done and materials furnished, brought to the City Court of Waterbury and thence, by the defendants' appeal, to the District Court of Waterbury, and tried to the court, *Makepeace, Deputy-Judge;* facts found and judgment rendered for the plaintiff for $243, from which the defendants appealed. *No error.*

*James A. Peasley* and *Maurice P. Wrenn,* for the appellants (defendants).

*Frank P. McEvoy,* for the appellee (plaintiff).

BEACH, J.   The defendants are sued to recover the contract price for installing the plumbing in a building,

and for extra work and materials. Although the general issue was pleaded, the real and only defense is that the subcontract for the plumbing work was not made with the defendants, but with Balthrush and Mitchell, Incorporated, a corporation acting as general contractor for the construction of the building.

This defense should have been specially pleaded, because the essential allegations of the complaint and bill of particulars as to the performance and value of the work were never intended to be disputed, and, that being so, the plaintiff was entitled to an opportunity to make the corporation a party defendant in order to avoid possible circuity of action. As it turns out, no harm has been done because the defense did not prevail.

The defendant Machulsky is also known as Mitchell, and it is found that the two defendants, together with a third party, duly organized a corporation under the name of Balthrush and Mitchell, Incorporated, to carry on the building contractor's business; that they rented an office and displayed a sign bearing the corporate name, and that the corporation contracted for the erection of the building in question.

On the other hand, it is found that "on . . . April 23, 1919, the plaintiff and the defendants entered into an oral agreement," etc., being the agreement sued on; that thereafter the plaintiff, "at the defendants' request," furnished the extra work and materials described in the bill of particulars, and that each of the defendants has at various times made payments to the plaintiff on account of their indebtedness, leaving $243 still due out of an original indebtedness of $743. These findings are not challenged, and on their face they are sufficient to support the judgment.

There is, however, another finding, to the effect that the plaintiff dealt with the defendants as partners, and

not with the corporation, and the defendants have moved to strike out this finding as without support in the evidence.

In examining the evidence we have treated this motion as applicable to all the findings of subordinate facts bearing on the disputed allegation that the defendants contracted with the plaintiff as alleged in the complaint. Otherwise, the motion would be too narrow, for the decisive question in the case is not whether the plaintiff dealt with the defendants as partners, but whether the defendants dealt with the plaintiff as individuals or as agents of the corporation.

Having duly organized a corporation authorized to carry on the contracting business, they might have contracted with the plaintiff as agents for the corporation; and from the fact that they were managing officers of the corporation, a presumption arises that they did so contract; the presumption being more or less easily rebuttable according to the circumstances of the particular case. Perhaps the most important rebutting fact in the present case is that the defendants do not appear to have carried on their contracting business as a corporate business.

It appears from the testimony of Balthrush, who was the nominal treasurer of the corporation, and who says that he handled the money, that the corporation never had a bank account, and that the $1,000 described in the certificate of organization as having been paid to the corporation in cash, was in fact deposited in the personal bank account of Balthrush and mingled with his own funds. No reason is given except that "there were business problems," and "we couldn't decide what bank to put it in." Then, as to their method of dealing with the liabilities of the business, Balthrush testifies that he put in "a lot of money, all my own"; and Machulsky, who was not the treasurer and did not

handle the corporate funds, admits that he paid the plaintiff $200 before the suit was brought and $100 afterward. Such being the admitted methods of financing the business, the plaintiff testified that he never heard of the corporation until after the suit was brought; that he talked first with Machulsky and then with Balthrush, and then they both came and asked him to take the job; that he rendered bills to S. L. Machulsky and Joseph Balthrush, sending a copy to each; that he received payments on account from each, Balthrush saying on one occasion that if Mitchell would pay his share, he (Balthrush) would pay his; and that the receipts given by him to the defendants were individual receipts.

There was some conflict of testimony as to other matters, but not as to the points above enumerated, and we think that on the whole the evidence supports the decisive finding of fact that the defendants contracted with the plaintiff as alleged in the complaint and bill of particulars. In doing so they may properly be said to be partners.

No question of law is raised by the appeal except by the claim that the filing of the certificates of incorporation and organization in the town clerk's office of the town of Waterbury, was notice to the plaintiff that he was dealing with a corporation. This claim is too broad. The filing of the certificates in the town clerk's office is for the convenience of those who may desire to consult the official records, but the community is not charged with constructive notice of their contents.

There is no error.

In this opinion the other judges concurred.